**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2824-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TONY T. YUSUFOV,

     Defendant-Appellant.

_____

Argued March 5, 2025 – Decided March 31, 2025

Before Judges Gummer and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 24-002.

Tony T. Yusufov, appellant, argued the cause pro se.

Alexandra E. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Tony T. Yusufov was arrested and charged with making an unsafe lane change, N.J.S.A. 39:4-88; reckless driving, N.J.S.A. 39:4-96; driving while intoxicated (DWI), N.J.S.A. 39:4-50; and refusal to provide breath samples, N.J.S.A. 39:4-50.2. He was tried and convicted in municipal court on the lane-change and refusal charges. He appealed those convictions in the Law Division. After conducting a trial de novo, the Honorable Michael A. Guadagno entered an order and opinion on April 19, 2024, vacating the lane-change conviction, convicting defendant of the refusal charge, and imposing the same sentence imposed by the municipal court for that conviction.

Defendant appeals from that order, presenting the following arguments for our consideration:

> Point 1 - Admission by the officer that he improperly administering the "Standardized field sobriety test"
>
> Point 2 - No probable Cause and proof beyond a reasonable doubt
>
> Point 3 - Articulation of Odor of alcohol and red eyes, admission to consuming 1 beer, and chewing gum do not amount to probable cause under the "totality of the circumstances" analysis approach.
>
> Point 4 - New Jersey Statute 39:4-92.2 - Procedure for motorist approaching certain stationary vehicle, 39:4-88 - Traffic on marked lanes - no reasonable suspicion to pull me over

2

Point 5 - Judges errors

Point 6 - Warrantless search of my mom's vehicle including opening the trunk in violation of my 4th amendment rights (Issue was not raised) and pulling me over in the middle of the night for no reasonable reason in violation of my 4th amendment rights. (Issue was partly argued in point 4 above.)

Defendant focused his written and oral arguments on his arrest for DWI, the police officer's conduct of the field-sobriety tests, and defendant's performance on those tests. But neither the municipal court nor the Law Division convicted defendant on the DWI charge. He was convicted on the refusal charge. We affirm that conviction substantially for the reasons set forth in Judge Guadagno's comprehensive written opinion.

Defendant makes two arguments before this court he did not make before the municipal court or the Law Division: the police officer searched the car he was driving without a warrant and the police officer, prosecutor, and judge erred in charging him with refusal under N.J.S.A. 39:4-50.2 instead of N.J.S.A. 39:4-50.4a. Recognizing we need not consider those arguments, we nevertheless choose to address them briefly. J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021) ("[O]ur appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available." (quoting State v. Robinson, 200 N.J. 1, 20 (2009))).

A-2824-23

As defendant concedes, the search of the vehicle did not yield any evidence. Thus, the conviction was not based on any evidence from that search, and the search does not provide a basis for the reversal of his conviction.

In citations and orders of conviction, "care should be taken to list . . . N.J.S.A. 39:4-50.4a, the exact statutory provision applicable to breathalyzer refusal cases." State v. Cummings, 184 N.J. 84, 90 n.1 (2005). Listing N.J.S.A. 39:4-50.2, "the implied consent section," instead of N.J.S.A. 39:4-50.4a, is not a basis for the reversal of a conviction. Id. at 90 n.1, 95-96 (Court reverses affirmance of refusal conviction on a burden-of-proof issue, not because citation and order of conviction listed N.J.S.A. 39:4-50.2 instead of N.J.S.A. 39:4-50.4a); see also R. 3:7-3(a) ("[E]rror in the citation [to a statute] or its omission shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant.").

Our review of the record confirms defendant was not prejudiced by the citation to N.J.S.A. 39:4-50.2 instead of N.J.S.A. 39:4-50.4a in the summons charging him with refusal and in the order of conviction. And defendant does not persuasively argue otherwise. He does not disclaim knowledge he was charged based on his refusal to provide a breath sample nor does he deny he was

advised at the time of his refusal of the possible consequences of that refusal. Instead, he contends he "would have made more arguments as to why the [S]tate did not meet the [three] elements listed in [N.J.S.A.] 39:4-50.4a," without identifying what those additional arguments were. Regarding the "four essential elements to sustain a refusal conviction," defendant does not dispute he "was arrested for driving while intoxicated," was asked "to submit to a chemical breath test and informed . . . of the consequences of refusing to do so," or that he "thereafter refused to submit to the test." State v. Marquez, 202 N.J. 485, 503 (2010). As to the first element, "the arresting officer had probable cause to believe that defendant had been driving . . . while under the influence of alcohol or drugs," ibid., defendant argued unsuccessfully before the municipal court and Law Division the officer lacked probable cause to arrest him for driving while intoxicated. On that record, we perceive no prejudice.

To the extent we have not commented on any arguments raised by defendant that were not otherwise addressed in Judge Guadagno's comprehensive opinion, it is because we duly considered them and concluded they lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

5

A-2824-23